# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion for Default Judgment, Plaintiff Nutrition Distribution, LLC, dba Athletic Xtreme ("Plaintiff" or "Nutrition Distribution") seeks leave to conduct discovery on the issue of damages after the entry of default against Defendants Musclegen Research, Brian Parks, and Darria Parks ("Defendants"). Under the Lanham Act, a plaintiff may recover the profits obtained by the defendant who defaults from the sales of products that violate the Lanham Act. 15 U.S.C. § 1117(a). Furthermore, the Court may grant leave to conduct discovery on the issue of damages after entry of default. Should the Court grant Plaintiff leave to conduct discovery on the limited subject matter of damages from third parties upon which Defendants have used for their electronic payment gateway services and the financial institutions in which Defendants have established their accounts, Plaintiff anticipates that it will be able to meet the evidentiary standard for establishing Defendants' profits for purposes of its anticipated second motion for default.

## II. FACTUAL BACKGROUD

On December 30, 2016, Nutrition Distribution filed a Complaint against Defendants, asserting a cause of action for false advertising in violation of section 43(a)(1)(B) of the Lanham Act. As set forth in the Complaint, Defendants are unlawfully advertising, marketing, distributing, and offering for sale various Selective Androgen Receptor Modulators ("SARMs") (collectively, the "SARMs Products"), which are synthetic drugs intended to have the same effects as illegal anabolic steroids. (Complaint, ¶¶ 1-2.) On its website and through other promotional materials, touts numerous purported health and physical benefits of its various SARMs Products, and falsely represents to consumers that these products are safe and without any negative side effects. (Id., ¶ 2.)

Contrary to Defendants' representations, the SARMs Products have "many recognized potential serious side effects, are "highly dangerous to public safety," and are not safe for human consumption. (Id., ¶ 3.) Moreover, Defendants fail to disclose that SARMs are specifically prohibited for use in sporting events by the World Anti-Doping Agency and the U.S. Anti-Doping Agency, despite the fact that Defendants specifically market its SARMs Products to body builders and other competitive athletes. (Id., ¶ 4.)

Pursuant to Rule 55(a), Plaintiff obtained a default against Defendants on June 6, 2017. (Dkt. No. 5.) As set forth in the previously filed Declarations of Robert Tauler in Support of Requests for Entry of Default, Defendants were properly served with the summons and Complaint and defaulted by failing to respond within the time permitted by law. (Dkt. Nos. 7-1; 8-1 & 9-1, ¶¶ 2-5.)

## III.  ARGUMENT

Under the Lanham Act, a plaintiff may recover "(1) defendant's profits; (2) damages sustained by the plaintiff; and (3) the casts of the action." *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.,* 175 F.R.D. 658, 661 (S.D. Cal. 1997). Where defendants have "refuse[d] to respect the summons of a United States court or who are entirely uncooperative, . . . . doubts about the actual assessment of damages will be resolved against the party who frustrates proof of such, and the factfinder may calculate damages at the highest reasonably ascertainable value." *Id*. (*citing Nintendo v. Ketchum*, 830 F. Supp. 1443, 1445-1446 (M.D. Fla. 1993)). Thus, "if the infringer fails to provide satisfactory evidence of its actual sales volume, the court may rely on indirect or circumstantial evidence and extrapolate sales from that other evidence." *McCarthy* § 30:66. *See, e.g.*, *Aris Isotoner Inc. v. Dong Jin Trading Co., Inc.*, 17 U.S.P.Q.2d 1017, 1989 WL 236526, *5 (S.D. N.Y. 1989) ("[I]f the actual sales cannot be precisely determined, the court may resolve any doubts against the defendant in calculating profits, particularly if the uncertainty is due to the defendant's inadequate recordkeeping or failure to produce documentary evidence."); *U.S.A. Famous Original Ray's Licensing*

*Corp. v. Tisi's Pizza and Pasta Inc.*, 2009 WL 4351962, *3 (S.D. N.Y. 2009), *report and recommendation adopted*, 2009 WL 5178023 (S.D. N.Y. 2009) (Plaintiffs estimate of defendant's sales and costs was accepted.); *Gucci America, Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 254 (S.D. N.Y. 2012) (Court could estimate what part of the infringer's sales should be attributed to infringing items because defendant did not maintain sales records broken down by color category. Court awarded almost $4,613,500 in profits.).

    Pursuant to the authority vested in Rule 26(d)(1) over discovery and in Rule 55(b)(2) over default proceedings, the Court may grant leave for Plaintiff to conduct discovery for the purpose of ascertaining the existence and the amount of damages. *See Oakley, Inc. v. Moda Collection, LLC*, 2016 WL 7495835, *7 (C.D. Cal. June 9, 2016); *Adobe Systems Inc. v. Bunhey*, 2013 WL 12140304, *2 (C.D. Cal. October 29, 2013); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788 (E.D. Mich. 2004).[1]

    *Taylor Made Golf Co.* is informative with regards to the type of information that would constitute sufficient evidence of defendant's profits in a motion for default. The plaintiff, in its second attempt to seek an order for a default judgment, sought damages "based entirely upon alleged profits of the Defendant," which was a Taiwanese company. *Taylor Made Golf Co., Inc.*, 175 F.R.D. at 662. Plaintiff extrapolated defendant's profits from a series of calculations derived from the Department of Commerce's estimation that Taiwan exported $100 million worth of golf clubs. *Id*. Even though the court noted that "this calculation relies on several assumptions that cannot be verified by the Court," the court still found the $200,000 reasonable and trebled it pursuant to 15 U.S.C. § 1117(a). *Id*. at 663. "It does not seem unreasonable to ask whether relaxed standards of proof

---

[1] Indeed, the District Court of Arizona has authorized Plaintiff to conduct discovery in order to ascertain damages after defendants defaulted in two other Lanham Act actions. [Request for Judicial Notice, Exhs. A (Order Authorizing Plaintiff to Obtain Discovery, *Nutrition Distribution LLC v. Icon Supplements, LLC*, CV-16-03572-PHX-JJT (D. Ariz. March 8, 2017) & B (Order Authorizing Plaintiff to Conduct Discovery to Ascertain Damages In Support of Anticipated Motion for Default, *Nutrition Distribution LLC v. DuraCap Labs LLC*, CV-16-00460-PHX-GMS (D. Ariz. Sept. 12, 2016)].

should be available to trademark holders trying to establish the profits of defendants who refuse to respect the summons of a United States court or who are entirely uncooperative. *Id*.

In this matter before the Court, Plaintiff wishes to provide a much more concrete basis for the calculations of Defendants' profits than the plaintiff in *Taylor Made Golf Co., Inc*. To that end, should the Court grant Plaintiff's motion, it intends to seek discovery on the online payment gateway services such as PayPal used by Defendants, as well as any institutions with which Defendants hold financial accounts, in order to ascertain Defendants' revenue from its sales of falsely advertised products.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Leave to Conduct Discovery.

DATED:  August 7, 2017                     TAULER SMITH LLP


By: __/s/ *Robert Tauler* _____
Robert Tauler
Attorney for Plaintiff
NUTRITION DISTRIBUTION LLC